UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD SCOTT,<br><br>                    Petitioner,<br><br>      v.<br><br>L. LUNDY,<br><br>                    Respondent. | Case No. CV 25-10024 JVS (RAO)<br><br>ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION AND DENYING CERTIFICATE OF APPEALABILITY |

## I.    **BACKGROUND**

On September 29, 2025, Petitioner Floyd Scott ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  Dkt. No. 1.  The Petition challenges Petitioner's 2008 conviction in Los Angeles County Superior Court.

The records of this Court establish that Petitioner previously filed a habeas action in 2011 concerning his 2008 conviction and sentence.  *See Scott v. Harrington*, No. CV 11-5738-GAF (AJW) (C.D. Cal. July 4, 2011).[1]  In 2014, the Court denied

---

[1] Petitioner was originally convicted in 1999 of the same charges underlying the 2008 conviction.  He filed a federal habeas petition challenging that 1999 conviction, and the petition was granted in 2006.  *See Scott v. Lamarque*, No. CV 03-2003 GAF (AJW), Dkt. Nos. 1, 42.  Petitioner was then retried and convicted again.  *See* Order

the petition on the merits and dismissed the action with prejudice.  *See* June 10, 2014 Report and Recommendation, Dkt. No. 62, *adopted by* July 18, 2014 Order, *Scott v. Harrington*, No. CV 11-5738 GAF (AJW), Dkt. No. 67.  Petitioner appealed the denial to the Ninth Circuit, which denied his request for a certificate of appealability. *Id*., Dkt. Nos. 71, 79.

Petitioner has filed several habeas petitions in this Court challenging the same 2008 conviction.  *See Scott v. Superior Court*, No. CV 23-4449 JVS (RAO) (C.D. Cal. June 5, 2023); *Scott v. Johnson*, No. CV 21-8309 JVS (KK) (C.D. Cal. Oct. 18, 2021); *Scott v. Asuncion*, No. CV 17-8239 JVS (AJW) (C.D. Cal. Nov. 13, 2017). The Court dismissed these petitions as second or successive petitions and denied certificates of appealability.  *See* Order Summarily Dismissing Successive Petition and Denying Certificate of Appealability, No. CV 23-4449 JVS (RAO), Dkt. No. 5; Order Summarily Dismissing Action and Order Denying Certificate of Appealability, No. CV 21-8309 JVS (KK), Dkt. Nos. 7, 9; Memorandum and Order Dismissing Petition, No. CV 17-8239 JVS (AJW), Dkt. No. 3.  Petitioner appealed two of these dismissals to the Ninth Circuit; both appeals were denied.  No. CV 23-4449 JVS (RAO), Dkt. No. 19; No. CV 21-8309 JVS (KK), Dkt. No. 12.

Neither the pending Petition itself nor the records of the Ninth Circuit establish that the Ninth Circuit has authorized Petitioner to bring a successive petition in this Court.

## II.    **DISCUSSION**

The United States Supreme Court has explained:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application

---

Summarily Dismissing Action, *Scott v. Johnson*, No. CV 21-8309 JVS (KK), Dkt. No. 7.

> challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); see also *Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

The Court finds that Petitioner's present Petition is clearly a "second or successive" habeas petition. Moreover, the Petition and records of the Ninth Circuit establish that Petitioner has not been granted authorization by the Ninth Circuit to file a successive petition to raise his claims.

For these reasons, the Court finds that it lacks jurisdiction to consider the Petition. Therefore, the reference to the Magistrate Judge is vacated and the Petition is dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The Clerk is directed to enter judgment dismissing the Petition.

### III.   CERTIFICATE OF APPEALABILITY

Under the AEDPA, a state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

When the Court dismisses a petition on procedural grounds, it must issue a COA if the petitioner shows: (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right"; and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

Here, the Court is summarily dismissing the instant Petition without prejudice because it is a successive petition without proper authorization from the Ninth Circuit. The Court finds that Petitioner cannot make the requisite showing that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

## IV.   ORDER

Based on the foregoing, IT IS ORDERED THAT:

1. The Petition is **DISMISSED** without prejudice; and

2. A Certificate of Appealability is **DENIED**.

DATED: January 23, 2026

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

4